UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EL PASO PRODUCTION GOM, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO: 04-2121 c/w 04-2949, 05-140, 08-4130 |
| SMITH, ET AL. | SECTION: R(2) |

### ORDER AND REASONS

Before the Court is plaintiffs' unopposed Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, the Court GRANTS the motion.

I. **Background**

This case arises out of a July 20, 2004 allision between the Tug RHEA, and its tow, the Barge UR-95, with a hydrocarbon production platform located in the Gulf of Mexico and owned by plaintiff El Paso Production Gom, Inc. (El Paso). After the allision, El Paso filed suit against Lathem C. Smith d/b/a Smith

Maritime (Smith Maritime), the owner of the Tug RHEA, and the bareboat charterer of the Barge UR-95, Dana Marine Service, Inc. (Dana). El Paso later amended its initial complaint to add Forest Oil Corporation and Chevron USA Inc. as plaintiffs as well as Petrofac Inc. as a defendant.[1] (R. Doc. 2). In addition, El Paso filed an *in rem* suit against the Tug RHEA and Barge UR-95, whereby both vessels were seized pursuant to maritime lien.

In May 2007, the parties reached a tentative settlement of all their claims and this Court entered a sixty-day conditional order of dismissal. (R. Doc. 232). Ultimately, however, the parties did not execute a settlement agreement. Dana refused to sign the proposed written settlement agreement because Dana had not agreed to release its claim for wrongful arrest of the Barge UR-95. (R. Doc. 270). El Paso then filed a motion to enforce the settlement or, alternatively, to reinstate the case. Magistrate Judge Wilkinson issued a Findings and Recommendation advising that the case be reopened (R. Doc. 270), and this Court adopted the Recommendation as its Order on July 1, 2008. (R. Doc. 280).

Subsequent to the reinstatement, El Paso filed a separate action seeking a declaratory judgment against Dana regarding the

---

[1] All claims against Petrofac, Inc. were dismissed on October 31, 2006.

putative wrongful arrest of the Barge UR-95. This Court consolidated the declaratory judgment action with the underlying litigation. (R. Doc. 282).[2] Dana filed a counterclaim against El Paso for wrongful arrest of the Barge UR-95. (R. Doc. 287). On May 1, 2009, this Court granted El Paso's summary judgment on Dana's wrongful arrest counterclaim, reasoning that Dana had not set forth facts sufficient to establish bad faith, an essential element of a wrongful arrest claim. (R. Doc. 311). The summary judgment motion did not address any of El Paso's underlying damages claims. El Paso now moves this Court to direct entry of a final judgment on its May 1, 2009 Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Dana does not oppose. For the following reasons this Court GRANTS El Paso's motion.

**II. Legal Standard**

Rule 54(b) of the Federal Rules of Civil Procedure states:

When more than one claim for relief is presented in an

---

[2] The Fifth Circuit addressed the issue of partial summary judgment orders in consolidated cases in *Ringwald v. Harris*. 675 F.2d 768 (5th Cir. 1982). In *Ringwald*, the Fifth Circuit found that consolidation may not merge separate actions into a single suit in every respect. For purposes of Rule 54(b), however, a consolidated action can be treated as a "single judicial unit." *Road Sprinkler Fitters Local Union* v. *Continental Sprinkler Company,* 967 F.2d 145, 149 (5th Cir. 1992)(stating that "we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit.")

> action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison County Waste Management*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay" and "should not be entered routinely as a courtesy to counsel." *Id.*

The determination of whether "there is no just reason for delay" is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). The district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 388 U.S. 507, 511 (1950)). A major factor that the district court should consider is whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA,* 860

F.2d 172, 175 (5th Cir. 1988)(quoting *Curtis-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8 (1980)).

**III. Discussion**

That this motion is unopposed does not alter this Court's analysis. The Fifth Circuit requires a searching inquiry into the grounds for 54(b) motions and has dismissed appeals when a district court abuses its discretion by summarily certifying a claim. *See, e. g.*, *PYCA Indus.*, 81 F.3d at 1421.

El Paso argues that certification of this Court's May 1, 2009 Order pursuant to Rule 54(b) "may facilitate the resolution of the entire litigation." (R. Doc. 312). Presumably, this includes those damages claims reopened in July 2008. It is not at all clear from movant's brief why this certification would facilitate settlement and not simply more litigation. Nevertheless, in the long history of this case, the wrongful arrest issue has been the tail wagging the dog when it came to efforts to resolve the matter amicably. Further, the validity of Dana's wrongful arrest counterclaim is severable. The issues presented are both legally and factually distinct from El Paso's underlying claims for damages resulting from the allision. As a result, entry of final judgment pursuant to Rule 54(b) does not present a significant risk of duplicative appellate review. *See H*

& W Indus., Inc. v. Formosa Plastics Corp., USA, 860 F.2d 172, 175 (5th Cir. 1988)(finding no abuse of discretion where district court certified as a final judgment dismissing an attempted monopolization claim while retaining jurisdiction over an antitrust claim between the same parties); Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992)(finding that district courts' certification pursuant to Rule 54(b) was not an abuse of discretion even though claims remained between different parties). The absence of such a risk together with the significance the parties have attached to the arrest issue, convinces the Court that Rule 54(b) certification is warranted.

**IV. Conclusion**

For the foregoing reasons, IT IS ORDERED that El Paso's Motion for Entry of Final Judgment Pursuant to Rule 54(b) is GRANTED.

New Orleans, Louisiana, this 29th day of June, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE